Exhibit A

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County of Los Angeles

OCT 01 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
M. Pettis

1  Tammy Thomas
2  800 Linden Avenue #31
   Long Beach, California, 90813
3  Telephone: 562-443-0929

4         SUPERIOR COURT OF THE STATE OF CALIFORNIA
5         COUNTY OF LOS ANGELES _____ COURTHOUSE

6

7  TAMMY THOMAS,                          CASE NO:        N C 0 5 9 7 0 4
8
9         Plaintiff,                      UNLIMITED CIVIL

10                                        COMPLAINT FOR VIOLATIONS OF
                                          CALIFORNIA ROSENTHAL FAIR
11 V.                                     DEBT COLLECTION PRACTICES ACT
                                          (RFDCPA) FAIR CREDIT REPORTING
12 PROGRESSIVE MANAGEMENT                 ACT (FCRA) AND FAIR DEBT
   SYSTEMS; PATRICIA QUEZADA; MARY        COLLECTION PRACTICES ACT AND
13 M.- 692 and DOES 1 through 10 Inclusive (FDCPA)
14                                                       CASE MANAGEMENT REVIEW

15                                                       MAR 0 2 2015
16        Defendant(s),
                                                         IN DEPARTMENT 26
17                                        TRIAL BY JURY DEMANDED

18

19                    PRELIMINARY STATEMENT

20 1. This is an action for damages brought from violations by debt collector of the

21    Rosenthal Fair Debt Collection Practices Act, California Civil Code Section §1788-

22    1788.3. Plaintiff is entitled to sue for damages and statutory fees per Fair Credit

23

24    Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

25

26

27                                        1

28

     COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT
     COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT
     (FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

## JURISDICTION

2.  The jurisdiction of this Court is conferred by Rosenthal Fair Debt Collection Practices Act, California Civil Code Section §1788-1788.3 15 U.S.C. §1681p. and the Fair Debt Collections Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA")

3.  California Civil Code 1812.700 (a) In addition to the requirements imposed by Article 2 (commencing with Section 1788.10) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights:

> *"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."*

> *(b) The notice shall be included with the first written notice initially addressed to a California address of a debtor in connection with collecting the debt by the third-party debt collector.*

> *(c) If a language other than English is principally used by the third-party debt collector in the initial oral contact with the debtor, a notice shall be provided to the debtor in that language within five working days.*

2

**COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT (FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)**

## FACTUAL ALLEGATIONS

4.  Defendant PROGRESSIVE MANAGEMENT SYSTEMS (hereinafter "PMS") issued a bill Account # 00226325xx in the amount of $1,189.86 to Plaintiff on August 5, 2014. Plaintiff served a "Debt Verification Letter" upon defendant on August 13, 2014 to which they did not provide the requested documentation to validate the debt. **See Exhibit "A"** Plaintiff served a "Notice of Intent to Sue" on September 2, 2014. **See Exhibit "B"** My direct dispute attempts have been met with an illegal attempt to shift the burden of proof to me. My attempts to dispute the information via the Credit Reporting Agencies have been met by PMS's "verification" of false information.

5.  My requests for PMS to provide proof that I owe the debt have been met with additional attempts by PMS to collect the debt.

6.  PMS continues to provide several pieces of false information to the major credit reporting agencies. First and foremost, the entire account is invalid and should have been deleted immediately upon PMS's first notice of this. Further, PMS uses many deceptive practices in their reporting including falsifying the nature of the account by stating the terms are "1 month", falsely identifying the account as a "factoring account", falsely labeling the account as an "open" account, providing conflicting and false "date opened" information and providing false "account status".

7.  Plaintiff never entered into a consumer credit transaction which a violation 1788. 2(e) The term "consumer credit transaction" means a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or

3

household purposes.

8.  Plaintiff never entered into a contract with PMS per 1788.2(i) The term "creditor" means a person who extends consumer credit to a debtor.

## PARTIES

9.  Plaintiff, TAMMY THOMAS, is an adult individual residing in Long Beach, California.

10. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. §1681a(c) and the Fair Debt Collections Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA")

11. Defendant, PROGRESSIVE MANAGEMENT SYSTEMS, is a California, corporation with a principal place of business at 1521 West Cameron Avenue, Suite 100, West Covina, CA 91790 erroneous entry on plaintiff credit report as of 8/05/14.

12. Defendant, PATRICIA QUEZADA; collections manager at California, corporation with a principal place of business at 1521 West Cameron Avenue, Suite 100, West Covina, CA 91790.

13. Defendant, MARY M. - 692 Account Representative at California, corporation with a principal place of business at 1521 West Cameron Avenue, Suite 100, West Covina, CA 91790

## COUNT I

### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) - California Civil Code Section 1788-1788.3

14. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at

4

COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT (FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

length herein.

15. The Defendant is in violation to 1788.2(b) The term "debt collection" means any act or practice in connection with the collection of consumer debts.

16. The Defendant is a "debt collector" as defined by 1788.3(c) The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law. PMS the FDCPA, 15 U.S.C. § 1692a(6)

17. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II

### VIOLATION OF CALIFORNIA CIVIL CODE 1788.2 (j) and FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

### WILLFUL NON-COMPLIANCE BY DEFENDANT DEBT COLLECTOR

18. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

19. PMS is in violation Cal Civ. Code §1788.2(j) The term "consumer credit report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for person, family, or household purposes, or (2) employment purposes, or (3)

5

COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT (FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

other purposes authorized under any applicable federal or state law or regulation. The term does not include (a) any report containing information solely as to transactions or experiences between the consumer and the person making the report; (b) any authorization or approval of a specific extension of credit directly or indirectly by the issuer of a credit card or similar device; or (c) any report in which a person who has been requested by a third party to make a specific extension of credit directly or indirectly to a consumer conveys his or her decision with respect to that request, if the third party advises the consumer of the name and address of the person to whom the request was made and such person makes the disclosures to the consumer required under any applicable federal or state law or regulation

20. DEFENDANTS willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

21. PROGRESSIVE MANAGEMENT SYSTEMS willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C.§1681b.

## COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)

22. Section 623(a)(5) of the FCRA requires anyone furnishing information to a consumer reporting agency regarding a delinquent account that has been placed for collection, charged to profit or loss, or subject to any similar action, to provider the consumer reporting agency, not later then 90 days after the furnishing of the information, the month

6

COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT (FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

and year of the commencement of the delinquency that immediately preceded the action.

23. In the course of their business, defendants failed to comply with the requirements of Section 623(a)(5) in that, for a period of time, they reported dates of delinquency to credit reporting agencies, including delinquency dates, that were later then the month and year of the commencement of the delinquency.

24. The acts and practices in paragraph 6 constitute violations of Section 623(a)(5) of the FCRA, 15 U.S.C. || 1681s-2(a)(5). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. || 1681s(a)(1), the acts and practices alleged in Paragraph 5 also constitutes unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. || 45(a)

### COUNT IV
### CIVIL PENALTIES AND INJUNCTIVE RELIEF
### FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

25. Defendants have violated the FCRA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 621(a)(2) of the FCRA, 15 U.S.C. || 1681s(a)(2). Section 621(a)(2) of the FCRA, 15 U.S.C. || 1681s(a)(2), authorizes the Court to award monetary civil penalties of not more then $2,500 per violation of Section 623(a)(5). Each instance in which defendants reported a later date then actual delinquency date in violation of Section 623(a)(5) of the FCRA, 15 U.S.C. || 1681s-2(a)(5) since October 1, 1997, the date that Section 623(a)(5) went into effect, constitutes a separate violation of the FCRA for which plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. || 1681s. Injunction seeking immediate court ordered relief from further credit damage.

7

COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT
(FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

## COUNT V

### VIOLATIONS OF THE (FDCPA)

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. The Defendant caused a phone to ring repeatedly with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

**WHEREFORE,** Plaintiff is a consumer living in California and a creditor or debt collector violates the Rosenthal Fair Debt Collection Practices Act, you are entitled to sue them for:

1. $1000 in statutory fees. Plaintiff demands judgment for damages against DEFENDANTS pursuant to Cal. Civ. Code 1788 – 1788.3.

2. $3,000 per violation for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a) and California Civil Code 1785.10 and 15 U.S.C. §§ 1692, et seq. ("FDCPA").

3. $10, 000 General Damages.

4. $15, 000 Punitive Damages.

8

**COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT
(FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 30th day of September, 2014

By: *Tammy Thomas*

Tammy Thomas
800 Linden Avenue #31
Long Beach, California, 90813

9

COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT
(FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

### DECLARATION OF Tammy Thomas

I, Tammy Thomas, declare as follows.

1. I am over the age of 18 years. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2. There is no known duty to which I caused damages by my breach of a contract and/or statute sworn by a competent fact witness testifying under oath subject to cross examination regarding authenticated evidence. There is law, statute or contract violated by myself.

3. Defendant has no contract with the Plaintiff to pay a debt.

4. My direct dispute attempts have been met with an illegal attempt to shift the burden of proof to me.

5. My attempts to dispute the information via the Credit Reporting Agencies have been met by PMS's "verification" of false information.

6. I initially requested that PMS validate this debt per Debt Verification Letter served August 13, 2014. Debt was never validated.

10

COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT
(FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

7.   Notice of Intent to sue was served on defendant September 2, 2014 by myself.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on September 30, 2014 at Long Beach, California.

By *Tammy Thomas*

Tammy Thomas
800 Linden Avenue #31
Long Beach, CA 90220

11

COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT
(FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

EXHIBIT "A"

12

Tammy Thomas
800 Linden Avenue #31
Long Beach, CA 90813

Defendant:   PROGRESSIVE MANAGEMENT SYSTEMS
             1521 WEST CAMERON AVE.
             WEST COVINA, CA 91793-2739

NON NEGOTIABLE

Account Number: 0022632515
Services Rendered To: XAVIER PETTAWAY

## DO NOT IGNORE THIS NOTICE

**Notice to Principals is Notice to Agents - Notice to Agent is Notice to Principals.**

Dear, Progressive Management Systems and all agents, officers, employees, contractors and
interested parties. Please read the following Notice thoroughly and carefully before responding.
It is a notice. It informs you. It means what it says. Tammy Thomas is not the parent and/or
guardian of Xavier Pettway.

Thank you for your statement of August 5, 2014. It has come to my attention that there may be
deficiencies in any alleged contract between us. If that is the case, it brings into question the
validity of your claim and any contract between us will be NULL and VOID. Therefore, I hereby
give you notice that there is a question regarding the validity of any contract between us and you
are in a condition of estoppel with regard to your claims. I would be happy to settle any financial
obligation I might lawfully owe, as soon as I have received the following documentation below
In order to be satisfied that any such contract is valid:

1. Validation of the debt (the actual accounting and full statements for the life of the account);

2. Verification of your claim against me (a sworn affidavit or a hand signed bill);

3. A copy of a lawfully-binding contract between us, showing equal considerations from each
party's own resources, and including evidence of intent to contract along with wet-ink signatures
from a living man/woman, not an image of a signature made by a printer, which would be
considered as fraud

4. Evidence of your loss.

Please note that I am asking for information that will prove the validity of any contract between
us. Such validity must be established before any legislation concerning its content can be
relevant. You are hereby notified that this is not a request under Section 78 of the Consumer
Credit Act 1974 or any other legislation.

This correspondence presents two issues: Defendant potentially has violated the FDCPA by including in the amount of debt. The FDCPA broadly prohibits "false, deceptive, or misleading representation" in connection with debt collection. 15U.S.C. § 1692. Sixteen separate violations are enumerated in 15 U.S.C. 1692e(1)-(16).

I hereby give you ten (10) days to reply to this notice from the date you receive this communication with a notice sent using recorded post and signed under full commercial liability and penalty of perjury, assuring and promising me that all of the replies and details given to the above requests are true, correct and complete and without deception, fraud or mischief.

Your failure to provide all of the aforementioned documentation in the manner described within ten (10) days from the date you receive this communication constitutes your agreement to the following terms:

1. That the debt did not exist in the first place;
OR

2. It has already been paid in full;
AND/OR

3. Any contract was voidable from the start.
AND

4. That you accept liability for any damages I suffer as a result of your actions;

5. That any negative remarks made to a credit reference agency have been removed and that you will so inform me within ten (10) days from the date you receive this communication;

6. You abandon your claim and will pursue this matter no further.

Please be advised that I am keeping a written record of all correspondence in this regard and therefore do not consent to discuss this matter over the telephone. Any future communications must be written, otherwise you are hereby given notice that they will be ignored without dishonour on my part. Any telephone calls regarding this matter. whether by an actual person, or a computerized system, or personal visits; will be deemed harassment and dealt with accordingly.

Any previous acknowledgement by me of any alleged debt is hereby withdrawn as having been obtained under duress.

Please notice that the commonly accepted principles of good faith demand that if you have any reasonable objections to this Notice and Demand, that you immediately state any and all such objections and not harbor any hidden objections with which to surprise me later. Therefore it is my reasonable expectation that should you not offer any specific objections to any part of this Notice and Demand, sent to me by recorded delivery within ten (10) days from your receipt of same, that I may presume your agreement to the above terms.

I will presume silence to mean acquiescence in all these matters.

This is not a complaint or a query and is not to be treated as one.

This is not a request for a statement / agreement and is not to be treated as one.

Do not refer to me as (Mrs), which is a legal fiction and is not me.

DATE: August 13, 2014

Yours sincerely, without ill-will, frivolity or vexation and in honour,

By: *Tammy Thomas*

Tammy Thomas

Agent, Executor, Beneficiery
for MS TAMMY THOMAS™ TRUST

Without Prejudice - Without Recourse - All Rights Reserved
Non-Assumpsit Errors & Omissions Excepted

## PROOF OF MAILING

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California, I am over the age of 18 years and not a party to the action; my business address is 19730 Sally Avenue, Cerritos, California 90703.

On August 13, 2014, I served **1st Notice Debt Validation** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage, addressed as:

Defendant:   Progressive Management Systems
             1521 West Cameron Avenue
             West Covina, CA 91793-2738

### (BY MAIL)

I deposited such envelope in the mail at Cerritos, California envelope was mailed with postage thereon fully prepaid.

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with the United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid in Cerritos, California, in the ordinary course of such business.

**(STATE)**     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 13, 2014, at Cerritos, California.

Anthony Woodrow

EXHIBIT "B"

13

COMPLAINT FOR VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT (RFDCPA) FAIR CREDIT REPORTING ACT
(FCRA) AND FAIR DEBT COLLECTION PRACTICES ACT AND (FDCPA)

## PROOF OF SERVICE

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

    I am employed in the aforesaid county, State of California, I am over the age of 18 years and not a party to the action; my business address is 19730 Sally Avenue, Cerritos, California 90703.

On September 2, 2014 I served **LETTER OF INTENT TO SUE** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage, addressed as:

PROGRESSIVE MANAGEMENT SYSTEMS
1521 WEST CAMERON AVE.
WEST COVINA, CA 91793-2739

    **(BY MAIL)**

        I deposited such envelope in the mail at Cerritos, California envelope was mailed with postage thereon fully prepaid.
        I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with the United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid in Cerritos, California, in the ordinary course of such business.

    **(STATE)**        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 2, 2014 at Cerritos, California.


_____
                Anthony Rector


## PROOF OF SERVICE

**Notice of Intent to Sue**

PROGRESSIVE MANAGEMENT SYSTEMS
1521 WEST CAMERON AVE.
WEST COVINA, CA 91793-2739


September 2, 2014

Re:  Account No. 0022632515

PROGRESSIVE MANAGEMENT SYSTEMS

Please be aware that I initially requested that you validate this debt per FDCPA §809 and CAL.
CCP. CODE § 116.240 on August 5, 2014. You have received multiple written reminders of this
obligation for which were sent registered mail and I hold return receipts for. In these letters I also
invoked my right to a direct dispute per FCRA §623(a)(8)(D), 16 CFR 660.4 and L. CCP. CODE
§ 116.240.

 My direct dispute attempts have been met with an illegal attempt to shift the burden of proof to
me.

My attempts to dispute the information via the Credit Reporting Agencies have been met by
PMS's "verification" of false information.

My requests for PMS to provide proof that I owe the debt have been met with additional attempts
by PMS to collect the debt. FCRA §623(a)(8)(D), 16 CFR 660.4 L. CCP. CODE § 116.240 all
bar PMS from attempting to collect a debt until proper verification is done. L. CCP. CODE §
116.240 goes further than FCRA §623(a)(8)(D) and 16 CFR 660.4 by requiring you to provide
evidence and conduct an investigation before making any further attempt to collect the debt.

In violation of FCRA §623(a)(8)(D), 16 CFR 660.4 and L. CCP. CODE § 116.240 PMS has
made several attempts to collect the debt since receiving my August 5, 2014 letter. These
attempts include updating my credit report, sending debt collection letters, and verifying false
information to the credit reporting agencies.

EA continues to provide several pieces of false information to the major credit reporting
agencies. First and foremost, the entire account is invalid and should have been deleted
immediately upon PMS's first notice of this. Further, PMS uses many deceptive practices in their
reporting including falsifying the nature of the account by stating the terms are "1 month",
falsely identifying the account as a "factoring account", falsely labeling the account as an "open"
account, providing conflicting and false "date opened" information and providing false "account
status".

For these reasons, you can expect a lawsuit to be filed against you in UNITED STATES COURT
CENTRAL DISTRICT CALIFORNIA, without further notice for:

1) Violation of the <u>Fair Credit Reporting Act</u>
2) Violation of the Fair <u>Debt Collection</u> Practices Act
3) Defamation of credit
4) Negligence
5) Loss of opportunity
6) Violation of L. CCP. CODE § 116.240
7) Injunction seeking immediate court ordered relief from further credit damage.

This list may grow based on input from legal advisors.

At this time **<u>I am willing to accept a settlement</u>** to avoid using the courts to resolve this matter.
The terms which I will settle are:
1)      PMS agrees to consider the alleged debt paid in full so that they cannot sell or otherwise
transfer the debt to any other collector for later collection activity.
2)      PMS agrees to have the trade line deleted from all <u>three major credit reporting agencies</u>.
3)      PMS I I agrees to never attempt to collect any debt from me at any time in the future.
4)      PMS pays me $1000
5)      I agree not to pursue any further action in the matters discussed in this letter.

Please consider this a firm offer to settle. You may accept this offer to settle by sending me your
written acceptance letter and the check for $1000 within 10 calendar days of receipt of this letter.
I hereby bind myself to these terms if I receive your acceptance letter and valid check with a
postmark indicating it was sent within 10 calendar days from your receipt of this offer.

September 2, 2014

*Tammy Thomas*
Tammy Thomas
562-443-0929

CC: Federal Trade Commission
      Law Offices of Richard Guiterrez
      626-813-6210
      800-782-9322
**Name:**    Law Offices of Richard R Gutierrez
**Location:** 1515 W Cameron Ave, Ste 110
      West Covina, CA 91790
      <u>Directions</u>
      **Phone:** 626-813-6210
      **Fax:** 626-813-6215
**Attorney:** Martha Gutierrez